**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4745

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES MICHAEL HILL,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., Senior District Judge.  (2:18-cr-00216-1)

Submitted:  November 16, 2021                    Decided:  February 25, 2022

Before DIAZ, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Diana Stavroulakis, Weirton, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, L. Alexander Hamner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Michael Hill pled guilty to distribution of marijuana, in violation of 21 U.S.C. §§ 2, 841(a)(1), and possession of a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Hill below the Sentencing Guidelines range to 97 months' imprisonment followed by 3 years' supervised release. On appeal, Hill's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Hill's sentence is reasonable, and a supplemental brief asserting that Hill's § 922(g) conviction is invalid. Although notified of his right to do so, Hill has not filed a pro se supplemental brief. For the reasons that follow, we affirm in part, vacate in part, and remand.

We first consider Hill's challenge to his § 922(g) conviction. After Hill pled guilty, the Supreme Court issued *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), in which the Court held that, to convict a defendant under § 922(g), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Hill argues that his § 922(g) conviction must be vacated based on *Rehaif* because the district court failed to advise him of the knowledge-of-status element during the plea colloquy. However, to obtain relief based on a *Rehaif* error, a defendant must demonstrate that "there is a 'reasonable probability' that he would not have pled guilty" had the district court "correctly advised him of the mens rea element of the offense." *Greer v. United States*, 141 S. Ct. 2090, 2097 (2021). No reasonable probability exists here: there is no question that Hill, who served substantial prison time for a prior drug conviction and who explicitly affirmed during his plea hearing that he was aware of

2

that conviction and that it prohibited him from possessing firearms, knew that he was a felon when he possessed the firearms. We therefore conclude that Hill's § 922(g) conviction remains valid.

Turning to Hill's sentence, "in order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021); *see United States v. Rogers*, 961 F.3d 291, 296-98 (4th Cir. 2020). We have reviewed the record and conclude that the special conditions of supervised release orally announced by the district court are not consistent with those listed in the written judgment. Accordingly, Hill "has not been sentenced to those conditions, and a remand for resentencing is required." *Singletary*, 984 F.3d at 344. Because we vacate the sentence, we do not address any of the sentencing claims advanced by counsel on appeal at this time. *See id.* at 346-47.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. We therefore affirm Hill's convictions, but we vacate his sentence and remand for resentencing. This court requires that counsel inform Hill, in writing, of the right to petition the Supreme Court of the United States for further review. If Hill requests that counsel file such a petition, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that counsel served a copy thereof on Hill. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would

not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*